The FELLOWSHIP OF CHRIST CHURCH, a Michigan Ecclesiastical corporation: Robert C. Young and Patricia R. Young, his wife; Jane C. Jones; Merrilee M. Young; James J. MacKenzie and Robin J. MacKenzie, his wife; Herbert Bursch; John A. Young and Kay Young, his wife; Glori B. Ingram; Peter Joel Young; Sarah S. Young; Joyce E. King; Linda K. Hoeks; Kathleen Anderson Young; Paul N. King; Newell E. King; Christopher L. Young and Georgia C. Young, his wife; Jeffrey A. Clark and Ann E. Clark, his wife; Ellen Susan King; Anita M. King; James E. King; Glenn King; Ida Pool; Madeline Mathison; Millard Eldred and Nina Eldred, his wife, Plaintiffs-Appellants,

v.

James S. THORBURN; Joseph L. Hardig, Jr.; Robert Bogrette and Judith Bogrette, his wife; William Cuppy and Tracie Cuppy, his wife; Olaf Helland and Emerin Helland, his wife; John T. Hughes and Bernice Hughes, his wife; Kenneth Staugaard and Elizabeth Staugaard, his wife; Charles Cohoon and Carol Cohoon, his wife; Leo Burton; Heartpeace Hills Homeowners Association, a Michigan non-profit corporation, and John A. Cook, jointly and severally, Defendants-Appellees.

No. 83–1623.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 11, 1985.

Decided April 5, 1985.

Rehearing Denied May 21, 1985.

---

Timothy P. Young, Lansing, Mich., Jonathan E. Maire, Williamston, Mich., for plaintiffs-appellants.

John A. Cook (argued), William H. Horton, Birmingham, Mich., for defendants-appellees.

Kenneth Wilson, Hardig, Goetz, Heath, Merritt, Reebe, Birmingham, Mich., for Hardig.

K.M. Zorn (argued), Carol J. Dufraine, Detroit, Mich., Leo Farhat, Lansing, Mich., for Thorburn.

Before MARTIN and JONES, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM:

Appellants challenge the district court's holding that res judicata bars relitigation under § 1983 of their claim, which has been finally determined in state court. The appellants contend that res judicata does not bar their claim primarily because they never received an evidentiary hearing in state court, and secondarily because not all of the federal plaintiffs participated in and are bound by the state litigation. We find these contentions to be without merit, and affirm the district court.

This dispute first arose before Judge James S. Thorburn, a defendant in the present suit, in his Oakland County, Michigan, Circuit Court. In March, 1977 Robert and Judith Bogrette, William and Tracie Cuppy, Olaf and Emerin Helland, John T. and Bernice Hughes, Kenneth and Elizabeth Staugaard (state court plaintiffs and federal defendants) filed suit against Robert C. and Patricia R. Young, Jane C. Jones, and the Fellowship of Christ (state court defendants and federal plaintiffs). Subsequently, federal defendants Charles and Carol Cahoon, and Leo Burton also became state court plaintiffs.

The state court lawsuit was essentially a property dispute in which the state court plaintiffs claimed that they had entered into a joint venture with the state court defendants through which the Fellowship of Christ would develop a subdivision known as "Heartpeace Hills." The parties agreed that guidelines adopted by the Fellowship of Christ's Advisory Board would govern lot owners' maintenance of residential structures and property, and that lot owners would have use of the subdivision's common property. In 1969, the state court plaintiffs withdrew from membership in the Fellowship of Christ following a dispute with the state court defendants. In June, 1975 the Fellowship of Christ decided to sell the property and relocate; this decision precipitated the circuit court action.

Judge Thorburn supervised a bench trial on the merits and issued an opinion on May 16, 1978. The circuit court found that Robert and Patricia Young intentionally provoked the state court plaintiffs' departure from the Fellowship of Christ in order to gain control of the Fellowship themselves. The circuit court also found that the Youngs had operated the Fellowship for their sole benefit and had misapplied Fellowship assets. The circuit court dissolved the Fellowship of Christ as a corporate body and appointed Robert L. Hardig as receiver to supervise dissolution of the Fellowship and to execute the original development plan. The state court defendants then appealed to the Michigan Court of Appeals, before which they fully briefed and argued the questions of whether the circuit court had jurisdiction to dissolve the Fellowship of Christ and whether its action violated their constitutional rights. In an unpublished per curiam, the Michigan Court of Appeals affirmed the circuit court. The state appellate court discussed only a

statute of frauds issue and dismissed the parties' remaining issues as without merit.

The Michigan Court of Appeals denied the state court defendants' request for reconsideration. The Michigan Supreme Court denied their petition for leave to appeal and subsequent motion for reconsideration; the Michigan Attorney General supported reconsideration with a brief that challenged the circuit court's jurisdiction under state law to dissolve the Fellowship of Christ. The state court defendants then filed a petition for writ of certiorari with the United States Supreme Court, which the Court denied. 454 U.S. 821, 102 S.Ct. 105, 70 L.Ed.2d 93 (1981). When proceedings were initiated to implement the circuit court's judgment, the federal plaintiffs initiated the present civil rights action under 42 U.S.C. § 1983. Members of and contributors to the Fellowship of Christ have joined the state court defendants as federal plaintiffs. Judge Thorburn, the state court plaintiffs, Hardig, John A. Cook, trial counsel for the state court plaintiffs, and the Heartpeace Hills Homeowner Association, to which the disputed property has been conveyed, are defendants in the federal action.

The federal plaintiffs now complain that the circuit court dissolved the Fellowship of Christ without providing them with notice that its existence was in jeopardy and without providing an opportunity for an evidentiary hearing concerning the Fellowship's legitimacy. The district court found that on the record before it the state court defendants did not have an opportunity to defend against dissolution of the Fellowship of Christ prior to entry of the circuit court's judgment. The district court also found, however, that the state court defendants had an adequate opportunity to raise this issue following entry of the circuit court's judgment. The federal plaintiffs acknowledge that the state court defendants could have, but did not, move for a new trial following the circuit court's dissolution of the Fellowship of Christ. Mich.Gen.Ct.R. 527.1.

As a general matter, the doctrine of res judicata forecloses relitigation of matters that were determined, or should have been raised, in a prior suit in which a court entered a final judgment on the merits. *See Migra v. Warren City School Dist*, 465 U.S. 75, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Section 1983 suits that raise claims related to prior state court judgments, however, are not precluded without qualification.

In *McDonald v. City of West Branch*, — U.S. —, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), the Court noted that " '[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the peoples' federal rights.' " *Id.* at 104 S.Ct. 1803 (citing *Mitchum v. Foster*, 407 U.S. 225, 242, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972)). Justice Marshall has written, on behalf of a unanimous Court, that a prior state court judgment would not preclude the federal courts from acting " 'where the state courts were unable or unwilling to protect federal rights.' " *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595 (1983) (citing *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). In *Haring*, the Court also recognized that giving "preclusive effect to a state-court judgment may be inappropriate when the § 1983 claimant has not 'freely and without reservation submit[ted] his federal claims for decision by the state courts.' " *Id.* 103 S.Ct. at 2373 n. 7 (brackets in original) (citing *Montana v. United States*, 440 U.S. 147, 163, 99 S.Ct. 970, 978, 59 L.Ed.2d 210 (1979)). *Cf. Wood v. Orange County* 715 F.2d 1543, 1547 (11th Cir.1983).

Several of the federal plaintiffs' allegations warrant consideration in light of *McDonald* and *Haring*. The federal plaintiffs complain that Judge Thorburn's opinion contained highly inflammatory statements regarding the Fellowship of Christ that, they suggest, reveal that any motion seeking reconsideration in his court would have been futile. They also allege, quite credibly, that the legitimacy of the Fellow-

ship was never raised in the circuit court by the plaintiffs, by the defendants, or by the court itself.

The state court defendants did not respond to Judge Thorburn's order dissolving the Fellowship of Christ by filing a § 1983 suit. Had they done so, it is unlikely that res judicata would have barred their suit. Under the alleged facts, the state court defendants would not have "freely and without reservation" submitted their constitutional claims to the state courts and the allegedly preemptory actions of Judge Thorburn might well reveal an unwillingness to protect federal rights. Although the federal court might abstain pending completion of state court appeals, the federal plaintiffs, having established federal jurisdiction, would have "properly reserved the federal issue by informing the state court of [their] intention to return to federal court, if necessary." *Allen v. McCurry,* 449 U.S. at 101–02 n. 17, 101 S.Ct. at 418–19 n. 17. Res judicata would not bar litigation in federal court of issues first raised there. *Id.*

■ The state court defendants "freely and without reservation" appealed Judge Thorburn's order within the Michigan courts. They actively pursued appeals and motions for reconsideration before the Michigan Court of Appeals and the Michigan Supreme Court. Therefore, the policy concern for the ability and willingness of states to vindicate constitutional rights, which § 1983 embodies, is not implicated in the present case.

■ Another exception to the application of res judicata exists under federal common law. As a matter of federal law, res judicata principles do not apply "where the party against whom an earlier decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court." *Allen,* 449 U.S. at 95, 101, 101 S.Ct. at 415, 418; *accord Haring v. Prosise,* 103 S.Ct. at 2373.

■ The federal plaintiffs maintain that they did not have a full and fair opportunity to litigate the question of their church's legitimacy in the circuit court because that was never an issue until Judge Thorburn returned his opinion. Appellate review of Judge Thorburn's dissolution order was not full and fair, they contend, because it offered no opportunity to enter material evidence to factually rebut the circuit court order. The state court defendants, however, freely chose not to move for a new trial at which they could have submitted evidence. On appeal, they challenged Judge Thorburn's jurisdiction to dissolve the Fellowship of Christ without a proper *quo warranto* dissolution proceeding. They also alleged that Judge Thorburn's dissolution order violated their constitutional Due Process rights—in part because of lack of notice that the Fellowship's existence was in jeopardy. Appellate reversal on either ground would have resulted in remand for evidentiary proceedings. Further, the Michigan Court of Appeals or the Michigan Supreme Court could have reversed Judge Thorburn and remanded the case if either court had found that the factual record before the circuit court did not support Judge Thorburn's dissolution order. *See Boyd v. Nelson Credit Centers, Inc.,* 132 Mich.App. 774, 348 N.W.2d 25 (1984). The district court correctly found that "plaintiffs did not have an opportunity to raise these issues prior to the entry of judgment, but the record certainly reveals an adequate opportunity to do so thereafter."

■ No exception to the res judicata doctrine applies in the present case. Therefore, this Court must give Judge Thorburn's final order of the Michigan courts the preclusive effect that the Michigan courts themselves would give that order. *Migra,* 104 S.Ct. at 896; *Haring,* 103 S.Ct. at 2373; *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Allen,* 449 U.S. at 96, 101 S.Ct. at 415.

■ Under Michigan law there are three prerequisites to application of the doctrine of res judicata: (1) the prior action must have been decided on its merits; (2) the issues raised in the second case either

were resolved in the first, or, through the exercise of reasonable diligence, might have been raised and resolved in the first case; (3) both actions involved the same parties or their privies. *Socialist Workers Party v. Secretary of State*, 412 Mich. 571, 583–84, 317 N.W.2d 1 (1982). When the doctrine of res judicata applies, dismissal is appropriate. *Gose v. Monroe Auto Equipment*, 409 Mich. 147, 294 N.W.2d 165 (1980).

█ First, Judge Thorburn's order dissolving the Fellowship of Christ was based upon findings of fact following an extensive bench trial. The circuit court order was a judgment on the merits, as was the Michigan Court of Appeals' determination that the challenge to the dissolution order was among the issues before it which it found "to be without merit." Second, the federal plaintiffs now challenge the dissolution order, which was the very issue resolved in the prior case. They do so by raising jurisdictional and procedural issues that were raised, and factual issues that could have been raised, before the Michigan Court of Appeals, the Michigan Supreme Court, and the United States Supreme Court. Finally, each of the federal plaintiffs was either a party to the first suit or a privy to the parties in the first suit. The state court defendants included Robert C. Young, the putative minister of the Fellowship of Christ, and the corporate entity of the Fellowship of Christ itself. The only federal plaintiffs who were not circuit court defendants were members of or contributors to the Fellowship of Christ. These federal plaintiffs do not allege personal interests in the Fellowship of Christ's existence that in any way are distinguishable from the Fellowship of Christ's own interests in its corporate existence, or from the interests of the Youngs and Jane C. Jones.

The doctrine of res judicata is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance of adjudication." *Allen*, 449 U.S. at 94, 101 S.Ct. at 415. The present lawsuit is a collateral attack on a state court judgment that has already been appealed to the United States Supreme Court. The district court properly dismissed the plaintiffs' action. We also find, however, no error in the district court's denial of attorneys' fees requested by the federal defendants pursuant to 42 U.S.C. § 1988.

Accordingly, the judgment of the district court is AFFIRMED.