810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Marcus BRANCH, Plaintiff-Appellant,
v.
DETROIT FEDERATION OF TEACHERS LOCAL 231; Detroit Board of
Education, Defendants-Appellees.
 No. 85-1884.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals from a district court judgment dismissing his complaint charging his former employer and union with breach of contract and breach of duty of fair representation, presumably under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff also charged the defendants with violating his Constitutional rights guaranteed under the Fifth, Sixth and Seventh Amendments.
 
 
 2
 Upon review of the cause, this Court concludes that the district court properly dismissed plaintiff's complaint. Plaintiff knew or reasonably should have known the acts which constitute his cause of action in October of 1981 when his union advised him of its decision not to submit his grievances regarding his discharge to arbitration. See Adkins v. International Union of Electrical, Radio & Machine Workers, AFL-CIO, 769 F.2d 330, 335 (6th Cir.1985); Shapiro v. Cook United, Inc., 762 F.2d 49, 51 (6th Cir.1985) (per curiam), and cases cited therein. Plaintiff, therefore, had six months from this time to assert his claims in federal court. DelCostello v. Teamsters, 462 U.S. 151 (1983); Smith v. General Motors Corp., 747 F.2d 372 (6th Cir.1984) (en banc). Since the plaintiff filed his suit on September 6, 1985, four years thereafter, his suit was properly dismissed for being time-barred.
 
 
 3
 In addition, the plaintiff has already sued these defendants respecting this same subject matter. Plaintiff is, therefore, barred under the doctrine of res judicata from relitigating his claims against these same defendants even though he seeks to proceed under a different theory of liability. See City of Detroit v. Nortown Theatre, Inc., 116 Mich.App. 386, 323 N.W.2d 411, 413 (1982); cf. Fellowship of Christ Church v. Thorburn, 758 F.2d 1140 (6th Cir.1985) (per curiam). Nor may he avoid res judicata by asserting claims under the Federal Constitution. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 106 S.Ct. 79 (1985).
 
 
 4
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.