811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Douglas DAVIDSON For Careada DAVIDSON ESTATE,
Plaintiff-Appellant,
v.
Dennis M. LUTHER; J. Jerome Perkins; Michael Bass; Ronald
Holmes; Carol Wilson; T.C. Martin; and C.R.
Edwards, Defendants-Appellees.
 No. 85-1821.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1986.
 
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a complaint which he characterized as being based upon 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. That court, however, dismissed the complaint based upon the conclusion that appellant's claims had already been fully adjudicated in a similar proceeding before the district court for the Northern District of Illinois and their relitigation was therefore barred under the principles of res judicata. Rather than prosecuting an appeal from that determination, appellant filed a motion for reconsideration pursuant to Rule 60(b), Federal Rules of Civil Procedure. The district court subsequently denied the motion for reconsideration, an action which is now the subject of this appeal.
 
 
 3
 The scope of this Court's review of a district court's disposition of a motion pursuant Rule 60(b), Federal Rules of Civil Procedure, is limited to the determination of whether the court's granting or denial of that relief was an abuse of discretion. Jasany v. United States Postal Service, 755 F.2d 1244 (6th Cir.1985). In applying that standard to the present appeal, the panel can detect no abuse of that discretion in this case. Specifically, the record discloses that appellant's claims resulting from his being held without a warrant had already been the subject of a similar proceeding before both the district court for the Northern District of Illinois and the Seventh Circuit Court of Appeals and that the district court in this case properly dismissed the complaint in this case as res judicata. See Fellowship of Christ Church v. Thorburn, 758 F.2d 1140 (6th Cir.1985). As appellant failed to raise any matters in either his motion for reconsideration under Rule 60(b), Federal Rules of Civil Procedure, or the memorandum submitted in support thereof which would in any way invalidate that conclusion, the district court did not err in overruling that motion.
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court entered September 19, 1985, be and hereby is affirmed.