865 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clayton Ernest LONGACRE, Plaintiff-Appellant,
v.
Cathy A. PADDOCK; Beverly D. Brady; John Carpenter, In
Their Official Capacity as Deputy Clerk of the Ninth
District Court for the City of Kalamazoo, Michigan;
Honorable Arvin L. Davis, In His Official Capacity as Chief
Judge of the Ninth Circuit for the City of Kalamazoo,
Michigan; Comercia Bank; Michael V. Ortega; Scott A.
Brown, In Their Official Capacity as Officers of the Court
and Attorneys for the Comercia Bank; First Community
Federal Credit Union; Lynn M. Compton; Virginia L.
Schoonbeck, In Their Official Capacity as Agents for First
Community Federal Credit Union, Defendants-Appellees.
 No. 88-1329.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Clayton E. Longacre, a pro se Michigan plaintiff, appeals the order of the district court dismissing his suit filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking compensatory, injunctive and declaratory relief, plaintiff sued ten defendants, including a judge, two attorneys, and three clerks, claiming that enforcement of Michigan's garnishment laws deprived him of his property without due process of the law. Particularly, he claimed that "Michigan attachment procedures permit bank accounts containing exempt funds to be summarily attached without providing the judgment debtor with prompt notice and a prompt opportunity to be heard." The district court dismissed the suit. On appeal, plaintiff reasserts the same claims.
 
 
 3
 Upon consideration, we conclude that because Michigan's doctrine of res judicata precludes plaintiff from relitigating issues which have or could have been raised in state court proceedings, see Fellowship of Christ Church v. Thorburn, 758 F.2d 1140, 1143 (6th Cir.1985), plaintiff is estopped from collaterally attacking the propriety of his April and June state court garnishment proceedings in federal court. See Migra v. Warren City School Dist. Bd, of Educ., 465 U.S. 75 (1984); In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir.1986).
 
 
 4
 Furthermore, as defendants have not sought nor secured any writs since 1986, plaintiff apparently bases his claims for equitable relief on the mere threat of future garnishment proceedings. As such, it is clear that he is not now threatened by injury of sufficient immediacy to warrant exercise of the court's jurisdiction. See Planned Parenthood Ass'n v. City of Cincinnati, 822 F.2d 1390, 1394 (6th Cir.1987).
 
 
 5
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.