894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Teresa F. MITAN, Plaintiff-Appellant,
v.
Frank J. MITAN, Defendant-Appellee.
 No. 89-1760.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Teresa F. Mitan, a pro se Michigan resident, appeals the district court's dismissal of her civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Mitan sued her ex-husband, Frank J. Mitan, alleging that she would suffer irreparable harm if he were allowed to enforce provisions of a divorce decree entered by the Oakland County (Michigan) Circuit Court. Mitan contested the validity of a setoff provision of the divorce judgment that allowed her ex-husband to assert a setoff against his alimony payments in the event she declared voluntary bankruptcy. The setoff was in an amount equal to Mitan's share of liability for a joint debt, and it was inserted into the divorce decree by a mediator in order to ensure that Mitan's share of the joint debt would not be shifted to her ex-husband in the event she declared bankruptcy. Mitan contends: (1) that the setoff provision was adopted by the circuit court over her objections and (2) that the setoff provision allows her ex-husband to circumvent the provisions of 11 U.S.C. Sec. 522(d)(10)(D) of the Bankruptcy Act.
 
 
 4
 After reviewing the record and pleadings, the district court dismissed the case for lack of jurisdiction. Following the denial of Mitan's motion for reconsideration, she filed a timely appeal, raising the same issues which were before the district court. She also has filed a motion for the appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment. We conclude that the complaint lacks an arguable basis in either law or fact. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 6
 Mitan cannot satisfy the requirements necessary to maintain a suit pursuant to 42 U.S.C. Sec. 1983. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). The sole named defendant in her complaint, her ex-husband, does not act "under color of state law" when he acts to enforce the provisions of the judgment of divorce. See Nouse v. Nouse, 450 F.Supp. 97, 98 (D.Md.1978).
 
 
 7
 In addition, Mitan's challenge to the state circuit court's adoption of the setoff provision is barred by the doctrine of res judicata. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). She has been afforded a full and fair opportunity to litigate this issue in the state courts. See Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987); Fellowship of Christ Church v. Thorburn, 758 F.2d 1140, 1143-45 (6th Cir.1985) (per curiam).
 
 
 8
 Accordingly, the motion for the appointment of counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.