972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joan MORRIS, Plaintiff-Appellant,
v.
Kimberly DEHAAN; Amurcon, Inc.; P.M. One Management, Inc.;
Andy Babcock; Nolan Payne; John Paul Boone; Mary
Matthews; Sam Pierce, Secretary of Hud; State of Michigan
Housing Authority; Richard Helmbrech; Howard Cross;
Terrence Duvirnay; Housing Directors Past and Present;
United States Department of Housing and Urban Development;
Charles Wallace; Margaret Conners; Rose Jackson;
Department of Health, Education & Welfare; John Doe,
Process Server; John Doe, Police Officer; Fred Erb; Andy
Bisig; John Hayes; Kim Wilkins; Thomas Lejkeck; Barton
Berman; James Draper; Marvin Larivee, Defendants-Appellees.
 No. 92-1113.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1992.
 
 ORDER
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 
 
 1
 Joan Morris, a pro se Michigan resident, appeals a district court order dismissing her civil rights complaint filed under multiple statutes. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Morris filed suit against multiple Michigan state officials, the Michigan Housing Development Authority, multiple federal agencies and officials, multiple corporations and employees, and four neighbors, based upon their involvement in a state eviction proceeding. Morris alleged that: 1) the defendants conspired to deprive her of her civil rights; 2) the defendants subjected her to libel and slander; 3) the defendants engaged in discriminatory housing practices; 4) the defendants conspired to assault her; and 5) the defendants subjected her to malicious prosecution and deprived her of her First Amendment rights.
 
 
 3
 The district court found that the defendants were entitled to summary judgment and dismissed the complaint. On appeal, this court found that the district court properly dismissed the state agency and officials on Eleventh Amendment grounds, that no violation of the Fair Housing Act occurred, and that Morris had failed to state a cause of action under 42 U.S.C. §§ 1981, 1983, and 1985. The court remanded the case as to the four neighbors (Conners, Jackson, Matthews, and Wallace), however, because the district court had not explained its reasons for dismissing the complaint as to these individuals. Following the remand, the district court dismissed the case finding that these defendants had not deprived Morris of any due process rights and her civil rights claims were barred by the doctrine of collateral estoppel. Furthermore, the district court dismissed the state law claims without prejudice refusing to accept jurisdiction over the claims. Morris filed a timely notice of appeal. Morris reasserts her arguments raised in her original appeal not only as to Conners, Jackson, Matthews, and Wallace, but as to all of the other original defendants. Appellees have informed the court that they will not be filing a brief in this case.
 
 
 4
 We review the district court's grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 We initially note that Morris, pursuant to the law of the case doctrine, cannot challenge the dismissal of certain claims already affirmed by this court. See Arizona v. California, 460 U.S. 605, 618 (1983); Moses v. Business Card Exp., Inc., 929 F.2d 1131, 1137 (6th Cir.), cert. denied, 112 S.Ct. 81 (1991). Morris's claims against Conners, Jackson, Matthews, and Wallace are barred under Michigan's rules of preclusion. See Fellowship of Christ Church v. Thorburn, 758 F.2d 1140, 1144-45 (6th Cir.1985) (per curiam). The district court properly dismissed Morris's state law claims. See Faughender v. City of North Olmsted, Ohio, 927 F.2d 909, 917 (6th Cir.1991).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.