979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald STEEG; Irene Steeg, Plaintiffs-Appellants,
v.
CITY OF DEARBORN HEIGHTS; James R. Briggs, Defendants-Appellees.
 No. 92-1259.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs, Donald and Irene Steeg, appeal from the district court's judgment dismissing their civil action brought pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On August 6, 1984, plaintiffs filed Civil Action No. 84-423-289-CZ in the Wayne County Circuit Court for condemnation, intentional infliction of emotional distress, and violation of civil rights under 42 U.S.C. § 1983. The condemnation claim was based upon a theory of inverse condemnation. The property, located in the City of Dearborn Heights, was owned and used by plaintiffs as an income-producing rental property.
 
 
 3
 Plaintiffs named as defendants to the Wayne County Circuit Court action, the City of Dearborn Heights and its Director of Buildings and Engineering Department (the defendants in the instant action), and the City of Dearborn Heights Ordinance Officer.
 
 
 4
 The Wayne County Circuit Court granted summary judgment in favor of the defendants on plaintiffs' claim of intentional infliction of emotional distress. The court also granted the defendants judgment notwithstanding the jury's $100,000 verdict on plaintiffs' federal civil rights claim. Finally, the court entered a directed verdict for defendants based on the alleged inverse condemnation of plaintiffs' property.
 
 
 5
 The Michigan Court of Appeals affirmed the action taken by the Wayne County Circuit Court on February 22, 1990, and, on April 24, 1990, denied plaintiffs' motion for rehearing.
 
 
 6
 On December 28, 1990, the Michigan Supreme Court denied plaintiffs' application for leave to appeal and, on May 28, 1991, the Supreme Court of the United States denied plaintiffs' petition for a writ of certiorari.
 
 
 7
 Thereafter, on July 24, 1991, plaintiffs filed the instant action in the District Court for the Eastern District of Michigan. In their complaint, plaintiffs challenged the judgments entered in their state court proceedings. Specifically, plaintiffs alleged that their property was illegally taken and that, by such taking, their civil rights were violated. Plaintiffs also alleged that the Wayne County Circuit Court lacked jurisdiction over their originally filed 42 U.S.C. § 1983 claim. Plaintiffs claimed that the Wayne County Circuit Court had jurisdiction when the jury awarded damages but that it lacked jurisdiction when it entered the judgment notwithstanding the verdict.
 
 
 8
 Defendants filed a motion to dismiss claiming that plaintiffs' action was barred by res judicata and collateral estoppel. A hearing was held on the motion on December 23, 1991. The court found that plaintiffs' § 1983 action was barred by res judicata. Following the district court's denial of plaintiffs' motion for reconsideration, plaintiffs filed a timely appeal.
 
 
 9
 Upon review, we conclude that the district court correctly dismissed the section 1983 action on res judicata grounds. While, generally, the doctrine of res judicata forecloses relitigation of matters that were determined, or should have been raised, in a prior suit in which a court entered a final judgment on the merits, see Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 82-84 (1984), section 1983 suits that raise claims related to prior state court judgments are not precluded without qualifications. See Fellowship of Christ Church v. Thorburn, 758 F.2d 1140, 1143 (6th Cir.1985). A prior state court judgment would not preclude the federal courts from acting where the state courts were unable or unwilling to protect federal rights. Id.
 
 
 10
 Plaintiffs freely and without reservation appealed the trial court's judgment within the Michigan courts. They actively pursued appeals and motions for rehearing before the Michigan Court of Appeals and the Michigan Supreme Court. They even pursued an appeal to the United States Supreme Court which was denied. Thus, "the policy concern for the ability and willingness of states to vindicate constitutional rights, which § 1983 embodies," was not implicated in the instant case. Id. at 1144.
 
 
 11
 For the foregoing reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.