BAR-TEC, INC., et al., Plaintiffs,

v.

Michael A. AKROUCHE, Director
Ohio Department of Liquor
Control, Defendant.

No. C2–96–915.

United States District Court,
S.D. Ohio,
Eastern Division.

March 25, 1997.

Donald J. McTigue, McTigue & Brooks, Columbus, OH, for Plaintiffs.

Betty Montgomery, Attorney General, Chester T. Lyman, Jr., Asst. Attorney General, Columbus, OH, for Defendant.

GRAHAM, District Judge.

### OPINION AND ORDER

This is an action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983. Plaintiff Bar–Tec, Inc. is an Ohio corporation which owns an establishment in Columbus, Ohio known as Zeno's, which sells alcoholic beverages pursuant to a liquor permit issued by the Ohio Department of Liquor Control. The other plaintiffs are the Allen Miller Zeno Partnership, which owns the land and building where Zeno's operates, and Richard M. Allen, Chris N. Miller and Steven C. Zeno, the sole partners in the Allen Miller Zeno Partnership. Defendant Michael A. Akrouche is the Director of the Ohio Department of Liquor Control ("the Department").

Plaintiffs allege that following the filing of a local option petition, the voters in the precinct in which Zeno's is located approved a measure on the November 8, 1994 ballot which precludes the sale by the glass of liquor and beer within the precinct. Under Ohio law, plaintiffs are now required to surrender Bar-Tec's liquor license to the Department either permanently or temporarily for safe-keeping, or to move Zeno's to another location where the on-premises sale of liquor is permitted. Plaintiffs allege that they are not in a financial position to move

the business, and that the loss of the liquor license will result in substantial financial hardship to the plaintiffs.

On September 18, 1995, plaintiffs filed a first amended complaint for declaratory and injunctive relief in the Court of Common Pleas of Franklin County, Ohio against the Ohio Department of Liquor Control and Michael Akrouche in his capacity as director of the Department. Plaintiffs alleged that the Ohio statutory referendum scheme for controlling the sale of liquor in a precinct violated their substantive due process, procedural due process and equal protection rights under the Ohio and United States Constitutions, and that the resulting loss of the liquor license constituted a taking of property requiring compensation under the Ohio and United States Constitutions. Plaintiffs also asserted a claim for interference with inalienable rights under Article I, § 1 of the Ohio Constitution.

On October 16, 1995, the common pleas court denied plaintiff's request for an injunction and entered judgment in favor of the defendants. Plaintiffs pursued an appeal of this decision to the Tenth District Court of Appeals for Franklin County, Ohio. On February 29, 1996, the court of appeals addressed plaintiffs' constitutional claims and rendered a decision affirming the judgment of the common pleas court. Plaintiffs sought review of the court of appeals' decision by the Ohio Supreme Court. The Ohio Supreme Court accepted the case for decision on the merits. However, the Ohio Supreme Court subsequently dismissed the appeal on August 15, 1996 for want of prosecution due to plaintiffs' failure to file their merit brief within the time required under the Rules of Practice of the Ohio Supreme Court. Reconsideration of the dismissal was denied on September 6, 1996.

Plaintiffs filed the instant action under § 1983 on September 16, 1996. The complaint is virtually identical to the complaint which was filed in the common pleas court, with the exception that plaintiffs have named only Director Akrouche as a defendant, and have dropped their claims under the Ohio Constitution.

This matter is before the court on defendant's motion to dismiss the complaint or, in the alternative, to vacate the preliminary injunction entered by this court on September 26, 1996. Defendant argues that the prosecution of this action is barred by the doctrine of res judicata. Under 28 U.S.C. § 1738, which implements the Constitution's Full Faith and Credit Clause, judicial proceedings of state courts "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the court of such State[.]"

> The policies advanced by this principle include conserving judicial resources, protecting adversaries from the expense and vexation attending multiple lawsuits, and fostering reliance on judicial determinations by minimizing the possibility of inconsistent decisions. (Citation omitted).

*Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs.,* 979 F.2d 1131, 1133 (6th Cir.1992). In § 1983 actions, federal courts look to state law and give the judgments of state courts the same preclusive effect as would be given in the state in which the judgment was rendered. *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 104 S.Ct. 892; 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

Ohio courts recognize the doctrines of res judicata, or claim preclusion, and collateral estoppel, or issue preclusion. Under Ohio law, an existing final judgment rendered on the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *Norwood v. McDonald,* 142 Ohio St. 299, 52 N.E.2d 67 (1943). A final judgment is a complete bar to any subsequent action upon the same cause of action between the parties or those in privity with them. *Whitehead v. General Tel. Co.,* 20 Ohio St.2d 108, 254 N.E.2d 10 (1969).

The application of res judicata requires: 1) a prior adjudication upon the merits by a court of competent jurisdiction in an

action where the parties had a fair opportunity to fully litigate their claims; 2) an identity or mutuality of the parties between the former and latter cases; and 3) that the cause of action, claims or issues between the two cases are identical. *Goodson v. McDonough Power Equip., Inc.,* 2 Ohio St.3d 193, 443 N.E.2d 978 (1983); *Whitehead,* syllabus paragraph two. Two causes of action are considered the same if the same facts or evidence would sustain both. *Norwood,* 142 Ohio St. at 306, 52 N.E.2d at 71. A prior adjudication serves to settle all issues between the parties that could have been properly litigated in the case as well as those issues which were actually raised and decided. *Rogers v. Whitehall,* 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986). The doctrine of res judicata bars relitigation of final judgments rendered by a court of competent jurisdiction even if the judgment is erroneous. *LaBarbera v. Batsch,* 10 Ohio St.2d 106, 227 N.E.2d 55 (1967).

█ The requirements for the application of the res judicata doctrine are met in this case. The claims asserted in this case are identical to claims advanced in the common pleas court. The claims were addressed on the merits by the court of common pleas following an oral hearing on plaintiffs' motion for an injunction, and were further considered by the court of appeals. The action was ultimately dismissed by the Ohio Supreme Court for want of prosecution. Ohio courts have held that a dismissal for want of prosecution is a final adjudication on the merits for purposes of applying the principles of res judicata. *See, Crittendon v. Crittendon,* 82 Ohio App.3d 484, 612 N.E.2d 759 (1992); *Austin v. Miami Valley Hospital,* 19 Ohio App.3d 231, 483 N.E.2d 1185 (1984). The parties in the instant federal case were also parties in the state case.

█ Plaintiffs contend that federally recognized exceptions to the doctrine of res judicata are applicable in this case. Federal courts have held that res judicata is not a bar to a subsequent § 1983 action filed in federal court where the state courts were unwilling or unable to protect federal rights, where the claimant has not freely and without reservation submitted his claims to the state court, or where the party against whom the bar of res judicata is asserted did not have a full and fair opportunity to litigate the claims decided by the state courts. *Allen,* 449 U.S. at 101, 101 S.Ct. at 418 (citing *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Fellowship of Christ Church v. Thorburn,* 758 F.2d 1140, 1143–44 (6th Cir.1985).

Plaintiffs contend that the state court of appeals was unwilling to protect their federal rights. In deciding plaintiffs' appeal, the state court of appeals relied on Ohio cases holding that a liquor license was not a property right, and declined to follow the decision in *Brookpark Entertainment, Inc. v. Taft,* 951 F.2d 710 (6th Cir.1991), where the Sixth Circuit held that a liquor license constituted a property right for purposes of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiffs argue that since the state courts were unwilling to protect their property rights under the United States Constitution, res judicata should not bar their due process claims.

█ The exception pertaining to the unwillingness or inability of state courts to protect federal rights may not be invoked every time a state court finds against the plaintiff. The Supreme Court has stated that "when the state court, acting within its proper jurisdiction, has given the parties a full and fair opportunity to litigate federal claims, [the state court] thereby has shown itself willing and able to protect federal rights. *Allen,* 449 U.S. at 103–04, 101 S.Ct. at 419–20. *See also, Thorburn,* 758 F.2d at 1144 (where parties freely and without reservation pursued appeal from lower state court order, policy concern for ability and willingness of states to vindicate constitutional rights not implicated). In granting a full and fair opportunity to litigate, the state proceedings need do no more than satisfy minimum procedural requirements of the Due Process Clause of the Fourteenth Amendment to qualify for full faith and credit under § 1738. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982).

Plaintiffs were granted an oral hearing in the common pleas court in which testimony was presented. They appealed the trial court's decision to the state court of appeals, which addressed plaintiffs' constitutional claims. Their appeal from the decision of the court of appeals was accepted by the Ohio Supreme Court. The state courts afforded plaintiffs procedural due process sufficient to comport with the requirements of the Fourteenth Amendment.

The state court of appeals correctly noted that it was not obligated to follow a decision of the Sixth Circuit Court of Appeals. *See State v. Glover,* 60 Ohio App.2d 283, 396 N.E.2d 1064 (1978) (Ohio courts bound by decisions of United States Supreme Court but not by decisions of federal courts of appeals).

■■■ This conclusion by the state court of appeals is supported by the decisions of several federal courts. State courts possess the authority, absent a provision for exclusive federal jurisdiction, to render binding judicial decisions that rest on their own interpretation of federal law. *ASARCO, Inc. v. Kadish,* 490 U.S. 605, 617, 109 S.Ct. 2037, 2045, 104 L.Ed.2d 696 (1989); *Osborn,* 979 F.2d at 1134 ("State courts have the authority to decide federal issues."). In *Freeman v. Lane,* 962 F.2d 1252, 1258 (7th Cir.1992), the court noted that the Supremacy Clause does not require a state court to follow a federal circuit court's interpretation of the Fifth Amendment, for the state courts and lower federal courts occupy the same position in relation to the reviewing authority of the United States Supreme Court. *See also, De-Vargas v. Montoya,* 796 F.2d 1245, 1255 (10th Cir.1986) (no federal precedent binding on state courts until United States Supreme Court established national policy); *Bromley v. Crisp,* 561 F.2d 1351, 1354 (10th Cir.1977) (state courts may express differing views on federal questions until guided by a binding decision of the Supreme Court); *United States ex rel. Lawrence v. Woods,* 432 F.2d 1072, 1076 (7th Cir.1970) (because lower federal courts exercise no appellate jurisdiction over state tribunals, decisions of lower federal courts not conclusive on state courts); *Owsley v. Peyton,* 352 F.2d 804, 805 (4th Cir.1965) (state courts may follow decisions of circuit court but not obligated to do so).

■■■ Further, even assuming that the decision of the state court of appeals on the due process or other issues was erroneous, this does not provide an exception to the application of res judicata. *See, Allen,* 449 U.S. at 101, 101 S.Ct. at 418 (rejecting argument "that Congress intended to allow relitigation of federal issues decided after a full and fair hearing in a state court simply because the state court's decision may have been erroneous.").

The Sixth Circuit addressed the argument that an erroneous decision should constitute a res judicata exception in *Osborn,* 979 F.2d at 1134–35, where the court was confronted with a situation analogous to this case. The plaintiff argued that his employment had been terminated without due process in violation of the Fourteenth Amendment. Plaintiff claimed in his § 1983 action that the Ohio court mistakenly interpreted case law and decided that plaintiff had no property interest in continued employment. The Sixth Circuit rejected the exception claimed by plaintiff, noting the "[i]f federal courts were to ignore the preclusive effects of state court judgments whenever constitutional law was interpreted or a constitutional right was at issue, the Full Faith and Credit Act would be undermined." *Osborn,* 979 F.2d at 1134.

■■■ Further, as noted by the *Osborn* court, 979 F.2d at 1134, federal courts are not to be used as state courts of appeal. *Osborn,* 979 F.2d at 1134. District courts have no jurisdiction to review, reverse or modify a judicial determination by a state court, even if the state court decision is challenged as unconstitutional. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206 (1983); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *Ginger v. Circuit Court for Wayne Cty.,* 372 F.2d 621, 625 (6th Cir.1967). The filing of an action under § 1983 cannot serve as a basis for relitigating questions previous-

ly decided in state courts. *Tonti v. Petropoulous*, 656 F.2d 212 (6th Cir.1981). The only available federal review of a state court's decision is the review by the United States Supreme Court provided under 28 U.S.C. § 1257. *Feldman*, 460 U.S. at 476, 482, 103 S.Ct. at 1311, 1315.

Thus, in *Kadish*, 490 U.S. at 622–23, 109 S.Ct. at 2048–49, where the petitioners argued that the state court had erroneously interpreted federal law, the Supreme Court rejected the argument that petitioners should file their claims in federal district court to readjudicate the issues determined in the state court proceedings, noting that this would undermine the *Rooker–Feldman* Doctrine, which bars direct review in the lower federal courts of decisions reached by the highest state court. In *DeVargas*, the court held that plaintiff's § 1983 claims were barred by res judicata, and noted, 796 F.2d at 1255, that plaintiff had failed to petition the United States Supreme Court for review of the state court decisions.

■ Plaintiffs further suggest that they were denied a full and fair hearing in the state courts due to the Ohio Supreme Court's dismissal of their action for lack of prosecution. Plaintiffs' appeal was dismissed due to the fact that it was submitted after business hours; this late filing was due to copier problems. Plaintiffs filed a motion for reconsideration of the dismissal, and reconsideration was denied by the Ohio Supreme Court.

While the state must give a litigant an opportunity to present his claim, "[t]his is not to suggest ... that the State must consider the merits of the claim when the *claimant* fails to comply with a reasonable procedural requirement, or fails to file a timely charge." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 434, 102 S.Ct. 1148, 1157, 71 L.Ed.2d 265 (1982) (emphasis in original). "[T]he State ... accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule." *Id.*, 455 U.S. at 437, 102 S.Ct. at 1158 (emphasis in original). *See also, Panozzo v. Rhoads*, 905 F.2d 135 (7th Cir.1990) (dismissal of appeal that was not timely filed pursuant to local procedural rules not a due process violation).

An appeal to the Ohio Supreme Court is governed by reasonable procedural rules. Under Rule VI, § 1(A) of the Rules of Practice of the Ohio Supreme Court, the appellant's brief must be filed within forty days of the filing of the record. Where the appellant fails to file a merit brief within the time provided by rule, the Ohio Supreme Court may dismiss the appeal. S.Ct.Prac.R. VI, § 6. Merit briefs must be filed during regular business hours and must be timely; filings submitted after 5:00 p.m. are not considered filed until the next day. S.Ct.Prac.R. XIV, §§ 1(A), 1(C). The rules allow for application for an extension of time, but such request for extension must be filed within the time for filing the brief. S.Ct.Prac.R. XIV, § 3(B).

Plaintiffs were given a full and fair opportunity to pursue their claims before the Ohio Supreme Court provided they adhered to the procedural rules of that court. The Ohio Supreme Court's rules of practice afforded plaintiffs ample notice of the procedures governing an appeal to the Ohio Supreme Court. Plaintiffs were or should have been aware that the failure to file a timely merit brief could result in the dismissal of their appeal. The Ohio Supreme Court's enforcement of its valid procedural rules did not deprive plaintiffs of a full and fair opportunity to litigate so as to warrant invocation of this exception to the res judicata doctrine.

■ Plaintiffs also urge this court to consider whether other special circumstances warrant an exception to the normal rules of preclusion. Plaintiffs, citing the *Restatement of Judgments* 2d, § 28(5), argue that a new determination of the issues is warranted because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action. However, plaintiffs have failed to show why other liquor permit holders are not in a position to protect their own rights. Defendant has cited other federal and Ohio cases where issues similar to those raised in this case have been and are being litigated by other permit holders.

Plaintiffs' real concern is that they themselves failed to secure the relief they requested from state courts. However, plaintiffs voluntarily chose the state courts as the fo-

rum for the litigation of their federal constitutional claims.

> [I]f a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forego his right to return to the District Court.

*England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 419, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1964).

This court concludes that plaintiffs' claims are barred by the doctrine of res judicata, and that no exception to that doctrine is applicable here. In light of this determination, the court will not address defendant's remaining arguments in support of dismissal. Defendant's motion to dismiss on the basis of res judicata is hereby granted.

It is so ordered.