**Robert L. YORK, Plaintiff,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, et al., Defendants.**

**No. Civ-2-80-50.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 19, 1980.

---

John S. McLellan, Jr. and John S. McLellan, III, Kingsport, Tenn., for plaintiff.

Thomas J. Seeley, Jr., Erwin, Tenn., and J. W. Baker, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Mr. York claims that his private employer discriminated against him on account of his sex, by replacing him with a female in his position of employment. Herein, he seeks relief against the defendants, asserting a conspiracy-cause of action under the provisions of 42 U.S.C. § 1985(3).[1] A magistrate of this district recommended that the motion of the defendants for a summary judgment be granted. 28 U.S.C. § 636(b)(1)(B). The undersigned judge considered *de novo* those portions of the recommendation to which timely written objection was made.

■ 42 U.S.C. § 1985(3)[2] upon which the plaintiff seeks to base his claim herein, " * * * provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates. * * * " *Great American S. & L. Assn. v. Novotny* (1979), 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957, 964. This statute " * * * *creates* no rights. It is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by that section. * * * " *Ibid.,* 442 U.S. at 376, 99 S.Ct. at 2351, 60 L.Ed.2d at 966. Thus, in determining the viability of the claim of Mr. York herein, the Court must ascertain what, if any, otherwise defined federal right he claims was breached by the conspiracy he alleged.

■ In his brief it is explained that " * * * the right asserted by [the] plaintiff is created by the Fourteenth Amendment * * * " and more particularly, the equal protection clause thereof.[3] It is this substantive federal right—to the equal protection of the law, Constitution, Fourteenth Amendment—which Mr. York seeks to redress herein through the remedial vehicle of 42 U.S.C. § 1985(3). The Fourteenth Amendment, however, does not grant anyone the right to be free from discrimination in private employment; that amendment to the Constitution operates only to protect persons from conduct involving state action; it " * * * erects no shield against merely private conduct, however discriminating or wrongful. * * * " *Shelley v. Kraemer* (1948), 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161, 1180 (headnote 4). The Supreme Court " * * * has never held that the right of any particular private employment is a 'right of national citizenship', or derives from any other right created by the Constitution. * * * Nor does the Constitution create any right to be free of gender-based

1. Although it was unclear from his complaint the exact nature of the claim of the plaintiff herein, that has been clarified in the brief he submitted in support of his objections to the recommendation of the magistrate. Of course, any claim under the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e *et seq.,* could not be maintained at this time. "A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief. * * * " *Love v. Pullman Co.* (1972), 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679, 682. Neither could the plaintiff circumvent those administrative proceedings by attempting to assert herein a substantive right given him by Title VII through the remedial vehicle of 42

U.S.C. § 1985(3). *Great American S. & L. Assn. v. Novotny, infra.*

2. "If two or more persons in any State * * * conspire * * * for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws * * * the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators. * * * " 42 U.S.C. § 1985(3).

3. " * * * No State shall * * * deny to any person within its jurisdiction the equal protection of the laws." Constitution, Fourteenth Amendment, § 1.

discrimination perpetuated solely through private action. * * * " *Great American Fed. S. & L. Ass'n. v. Novotny, supra,* 442 U.S. at 380–381, 99 S.Ct. at 2353, 60 L.Ed.2d at 969 (Powell, J., concurring).

In applying sections 1983 and 1985(3) of title 42 of the United States Code, a distinction must be made between the requisite that a defendant have acted under color of state law, and the requirement, of the underlying federal right sought to be vindicated through such statutes, that state action has been involved. This was the approach taken in *Griffin v. Breckenridge* (1971), 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338. After holding that 42 U.S.C. § 1985(3) covered purely private conspiracies, where no defendant was acting under color of state law, the Court proceeded to consider the nature of the substantive federal right upon which the § 1985(3) claim was based. In *Griffin, supra,* the right of a citizen to engage in interstate travel was involved. The Court recognized that its prior decisions had firmly established " * * * that the right of interstate travel is constitutionally protected, does not necessarily rest on the Fourteenth Amendment, and is assertable against private as well as governmental interference. * * * " *Ibid.,* 403 U.S. at 105, 91 S.Ct. at 1800, 29 L.Ed.2d at 350[8]. Unlike the situation in *Griffin, supra,* the right of Mr. York to the equal protection of the law does rest on the Fourteenth Amendment;[4] consequently, that right is assertable only against governmental interference.

This Court is of the opinion that the correct analysis of the legal issue implicated herein was made by Mr. Justice Stevens in his concurring opinion in *Great American S. & L. Assn. v. Novotny, supra.* He stated the matter thusly:

*     *     *     *     *     *

Some privileges and immunities of citizenship, such as the right to engage in interstate travel and the right to be free of the badges of slavery, are protected by the Constitution against interference by private action, as well as impairment by state action. Private conspiracies to deprive individuals of these rights are, as this Court recognized in *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338, actionable under § 1985(c) without regard to any state involvement.

Other privileges and immunities of citizenship such as the right to due process of law and the right to the equal protection of the laws are protected by the Constitution only against state action. If a state agency arbitrarily refuses to serve a class of persons—Chinese Americans, for example—it violates the Fourteenth Amendment. Or if private persons take conspiratorial action that prevents or hinders the constituted authorities of any State from giving or securing equal treatment, the private persons would cause those authorities to violate the Fourteenth Amendment; the private persons would then have violated § 1985(c).

If, however, private persons engage in purely private acts of discrimination—for example, if they discriminate against women or against lawyers with a criminal practice—they do not violate the Equal Protection Clause of the Fourteenth Amendment. The rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the State, not by private parties. Thus, while § 1985(c) does not require that a defendant act under color of state law, there still can be no claim for relief based on a violation of the Fourteenth Amendment if there has been no involvement by the State. The requirement of state action, in this context, is no more than a requirement that there be a constitutional violation.

Here, there is no claim of such a violation. Private discrimination on the basis of sex is not prohibited by the Constitution. The right to be free of sex discrimination by other private parties is a statu-

---

**4.** In his complaint, Mr. York alleges that this action " * * * arises under the Constitution and Laws of the United States and specifically

the Fourteenth Amendment to said Constitution. * * * "

tory right that was created almost a century after § 1985(c) was enacted. * * * [Citations and footnote references omitted].

*Great American S. & L. Assn. v. Novotny, supra,* 442 U.S. at 383–385, 99 S.Ct. at 2354–2355, 60 L.Ed.2d at 971–972 (Stevens, J., concurring).

By its plain language, 42 U.S.C. § 1985(3) requires that the conspiracy have been formed " * * * for the purpose of depriving * * * [the plaintiff] of the equal protection of the laws * * *." " * * * The conspiracy, in other words, must aim at the deprivation of the equal enjoyment of rights secured by the law to all. * * * " *Griffin v. Breckenridge, supra,* 403 U.S. at 102, 91 S.Ct. at 1798, 29 L.Ed.2d at 348. The conspiracy alleged herein—with its goal being to discriminate against Mr. York in his private employment—could not possibly have had as its purpose the deprivation of the equal enjoyment of a right secured by the law to all, since the law (in this instance the Fourteenth Amendment) secures to no one the right to be free from private discrimination. Simply stated, a private conspiracy to discriminate against a person in his private employment is not actionable under 42 U.S.C. § 1985(3). *Murphy v. Mount Carmel High School,* C.A.7th (1976), 543 F.2d 1189, 1193–1195; *Doski v. M. Goldseker Co.,* C.A.4th (1976), 539 F.2d 1326, 1333–1334; *Cohen v. Illinois Institute of Technology,* C.A.7th (1975), 524 F.2d 818, 827–830, certiorari denied (1976), 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187; *Bianco v. American Broadcasting Companies,* D.C.Ill. (1979), 470 F.Supp. 182, 183–184; *see Ludwig v. Quebecor Dailies, Inc.,* D.C.Pa. (1979), 475 F.Supp. 57, 58–59[3].

Accordingly, the recommendation of the magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1). The motion of the defendants for a summary judgment hereby is GRANTED. Rule 56(c), Federal Rules of Civil Procedure. Summary judgment will enter, that the plaintiff take nothing from the defendants. Rule 58(1), Federal Rules of Civil Procedure.