STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY as Subrogee of Myron Pochynok and Myron Pochynok, Plaintiffs-Appellees,

v.

Thomas L. BAASCH, Defendant-Appellant.

No. 851, Docket 80–7900.

United States Court of Appeals, Second Circuit.

Submitted March 2, 1981.

Decided March 12, 1981.

Rehearing Denied March 31, 1981.

---

Thomas L. Baasch, pro se.

Before FRIENDLY, MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court for the Eastern District of New York remanding to a New York state court an action wherein State Farm Mutual Automobile Insurance Company as subrogee of its insured Myron Pochynok and Pochynok himself sought to recover $1400 from defendant Thomas L. Baasch by reason of Baasch's negligently operating a motor vehicle so as to damage Pochynok's motor vehicle in that amount. The summons and complaint were served in the state court on April 21, 1980. The petition for removal, filed on July 7, 1980, made no claim of the existence of diverse citizenship or of a federal question presented on the face of the complaint. It relied rather on the fact that although both parties had demanded a jury trial, the court clerk had refused to accept this and had sent the action to an arbitration board pursuant to N.Y.C.P.L.R. 3405,[1] which Baasch contends

---

1. This provides:

The chief judge of the court of appeals may promulgate rules for the arbitration of claims for the recovery of a sum of money not exceeding six thousand dollars, exclusive of interest, pending in any court or courts. Such rules must permit a jury trial de novo upon demand by any party following the determination of the arbitrators and may require the demander to pay the cost of arbitration; and shall also provide for all procedures necessary to initiate, conduct and determine the arbitration. A judgment may be entered upon the arbitration award. The rules shall further provide for the recruitment and qualifications of the arbitrators and for their compensation. All expenses for compensation, reimbursement and administration under this rule shall be a state charge to be paid out of funds appropriated to the administrative office for the courts for that purpose.

Although a letter to Baasch from his counsel indicated that the clerk had followed this course because Baasch had filed an answer *pro se*, nothing in C.P.L.R. 3405 or the rules issued thereunder makes this a relevant factor. Rather, the rules indicate that arbitration is compulsory for all actions, like the one against Baasch,

to be unconstitutional as here applied. Baasch claims not to have received the undated notice of arbitration issued by the arbitration panel until June 11, 1980.

On motion of the plaintiff the district court denied the petition for removal and directed a remand.[2] Viewing the service of the summons and complaint as the critical date, the court held the removal was not effected within the 30-day period provided by the first sentence of 28 U.S.C. § 1446(b);[3] it failed to consider Baasch's contention that his receipt of the notice of arbitration triggered the second paragraph of that section. The court added that even if the removal petition had been timely, the case would not be removable since Baasch's attack on the constitutionality of N.Y.C.P. L.R. 3405 was not a question appearing on the face of the complaint. See *Tennessee v. Union and Planters' Bank*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894); *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

■ Review of the remand order is sharply curtailed by 28 U.S.C. § 1447(d) which provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

The judicial exception engrafted on the general prohibition by *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96

S.Ct. 584, 46 L.Ed.2d 542 (1976), is limited to cases where the judge predicates a remand order on a ground not authorized by the removal statutes (in that case, the crowded condition of his own docket) and does not extend to cases where he rests on grounds that are appropriate for his consideration, even though he has erred in his result, see 423 U.S. at 343, 96 S.Ct. at 589. See *Gravitt v. Southwestern Bell Telephone Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977) (per curiam); *In re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642 (5 Cir. 1978). The case likewise would not come within another judicial exception developed in *In re Carter*, 618 F.2d 1093 (5 Cir. 1980), *cert. denied*, —— U.S. ——, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1981), for a remand after final judgment, even if we were disposed to accept that decision. It follows that insofar as the appeal challenges the court's rulings that the action was not one "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States" or that, even if it were, removal was untimely, the appeal must be dismissed for want of appellate jurisdiction.

■ However, this does not end the matter. The text of 28 U.S.C. § 1447(d), set out above, reflects a 1964 amendment, 78 Stat. 266, which added the language excepting from the prohibition of review of removal orders "an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title"[4] and

seeking recovery of $6,000 or less. See New York Court Rules § 28.2 (1980).

2. The order also stated that the complaint was dismissed. We assume this was inadvertent since no such motion was before the court.

3. Section 1446(b) reads in full:
The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and

is not required to be served on the defendant, whichever period is shorter.
If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

4. Section 1443 provides:
Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the

expressly making such orders reviewable. Although Baasch's *pro se* brief did not mention § 1447(d) at all, we generously assume he claims that his case comes within this exception and that for purposes of § 1443 the 30-day period for removal began, as provided in the second paragraph of § 1446(b), only on his receipt of the notice of the arbitration hearing, allegedly June 11, 1980. Even if we accept the latter point *arguendo*,[5] Baasch's appeal fails in light of the Supreme Court's ruling that the phrase in § 1443, "any law providing for the equal civil rights of citizens of the United States", "must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966); see also *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975); *People v. Davis*, 411 F.2d 750 (2 Cir.), *cert. denied*, 396 U.S. 856, 90 S.Ct. 119, 24 L.Ed.2d 105 (1969). For the most part, Baasch is not relying on any federal law protecting racial equality but rather on the Seventh Amendment's guarantee of civil jury trial, which is "phrased in terms of general application available to all persons or citizens, rather than in the spe-

cific language of racial equality that § 1443 demands." *Rachel v. Georgia, supra*, 384 U.S. at 792, 86 S.Ct. at 1790. Beyond the point that Baasch's case does not come near to meeting the Supreme Court's limited criteria for invoking the civil rights removal statute, the Seventh Amendment was ruled not to be applicable to the states in *Minneapolis & St. Louis R. R. v. Bombolis*, 241 U.S. 211, 36 S.Ct. 595, 60 L.Ed. 961 (1916), and the Supreme Court has not included it among the provisions of the Bill of Rights which it has held to have been made applicable by the Fourteenth Amendment.[6]

Insofar as the appeal challenges denial of removal under 28 U.S.C. § 1441(a), it is dismissed for want of appellate jurisdiction. Insofar as it can be read as objecting to denial of removal under 28 U.S.C. § 1443, the order is affirmed.

district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

5. Documents in the record would seem to indicate that Baasch's counsel in the State proceeding received from the clerk of the Suffolk County Court the notice of the denial of the demand for jury trial on May 30, 1980, and wrote to Baasch, by letter dated June 3, to inform him of this turn of events. If, in keeping with Baasch's view of § 1446(b), we were to treat this notice as the "other paper from which it [was] first ... ascertained" that the case had become removable, the result would appear to be that Baasch's removal petition was untimely, since he did not file it until more than 30 days after he, or rather his agents, had

received the notice. However, as indicated in the text, we need not rely on these documents to dispose of Baasch's appeal.

6. In addition to his Seventh Amendment claim, Baasch also alleges discrimination against *pro se* litigants in violation of the equal protection clause, infringement of his rights under the due process clause of the Fourteenth Amendment, and under 42 U.S.C. §§ 1981, 1983 and 1985 as well. The equal protection claim cannot serve as the basis of removal in light of our holding in *Chestnut v. People*, 370 F.2d 1, 3–4 (2 Cir. 1966), *cert. denied*, 386 U.S. 1009, 87 S.Ct. 1355, 18 L.Ed.2d 439 (1967), that "not every violation of the equal protection clause will justify removal, but only those violations involving discrimination based on race", quoting *Peacock v. City of Greenwood*, 347 F.2d 679, 682 (5 Cir. 1965), *rev'd on other grounds*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). The other grounds are either frivolous or are not based on laws satisfying the test of *Georgia v. Rachel, supra*.