909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
THE CITY OF COLUMBUS, OHIO, DEPARTMENT OF DEVELOPMENT,
Plaintiff-Appellee,
v.
HARAMBEE UHURU SCHOOL, INC.; Charles O. Ross;
Defendants-Appellants Third-Party Plaintiffs,
Bank One of Columbus, N.A.; Defendant-Appellee Third-Party Plaintiff,
State of Ohio, Ohio Bureau of Employment Services, et al.,
Defendants Third-Party Plaintiffs,
United States of America, Department of Housing and Urban
Development, Third-Party Defendant-Appellee.
 No. 90-3534.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1990.
 
 Before KENNEDY, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The defendants and third-party plaintiffs, Charles O. Ross and Harambee Uhuru School, Inc. (Ross), appeal an order denying their motion under Fed.R.Civ.P. 60(b) to set aside a district court order which remanded this removed foreclosure action to state court. An order to show cause why the appeal should not be dismissed for lack of an appealable order was issued on June 25, 1990. Defendants/third-party plaintiffs have responded with a motion for declaratory judgment asking that this Court declare that the district court has original jurisdiction of the case. The plaintiff, City of Columbus, and defendant, Bank One of Columbus, N.A., respond in opposition.
 
 
 2
 Ross requests this Court to declare, pursuant to Fed.R.Civ.P. 57, that the district court has original jurisdiction and argues the grounds for federal question jurisdiction. The City of Columbus and Bank One respond that the order of which Ross seeks review is not appealable.
 
 
 3
 A district court's remand to state court which is plainly within the bounds of 28 U.S.C. 1447(c) is unreviewable by the court of appeals either through appeal or mandamus. Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977). Section 1447(c) provides for remand of a removed action when "the case was removed improvidently and without jurisdiction." Even though the remand of a removed case for reasons other than lack of jurisdiction may be reviewable on appeal or via mandamus, we conclude that those exceptions are not applicable here. In the instant case the removal was premised on the presence of a federal question, and the remand was for lack of subject matter jurisdiction on a finding that there was no such question. Such a remand is not reviewable. See e.g. State Farm Mutual Auto Ins. Co. v. Baasch, 644 F.2d 94 (2d Cir.1981).
 
 
 4
 Although the dismissal of a party which precedes a remand may be reviewable, see Waco v. United States Fidelty & Guaranty Co., 293 U.S. 139 (1934); Gallea v. United States, 779 F.2d 1403 (9th Cir.1986); Southeast Mortgage Co. v. Mullins, 514 F.2d 747 (5th Cir.1975), in the instant case Ross never filed a notice of appeal from the order dismissing the claim against HUD. Although Ross did file a Rule 60(b) motion seeking to set aside the order of dismissal, that motion did not toll the time for appeal. See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978). Accordingly, all that is before this Court is the district court's order denying Rule 60(b) relief to set aside its order of remand.
 
 
 5
 It is therefore ORDERED that Ross's motion for declaratory judgment is denied. It is further ORDERED that this appeal be dismissed for lack of jurisdiction.