**SMITH, HINCHMAN AND GRYLLS, ASSOCIATES, INCORPORATED; The Smith Group, Incorporated, Plaintiffs–Appellants,**

v.

**William P. TASSIC, Defendant–Appellee.**

No. 92–1211.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 15, 1992.

Decided April 6, 1993.

Joseph A. Sullivan, Martha B. Goodloe (briefed), Bodman, Longley & Dahling, Troy, MI, Hollis T. Hurd (argued), Pittsburgh, PA, for plaintiffs-appellants.

Patrick J. Burkett (argued and briefed), Daniel D. Swanson, Sommers, Schwartz, Silver & Schwartz, Southfield, MI, for defendant-appellee.

Before: MERRITT, Chief Judge; and NORRIS and BATCHELDER, Circuit Judges.

MERRITT, Chief Judge.

This case requires us to determine the res judicata effect of a state court ruling on ERISA preemption. The district court found that the issue of ERISA preemption presented here was fully and fairly litigated in the Michigan Circuit Court and could not be collaterally attacked. Consequently, it dismissed plaintiffs' cause of action for lack of jurisdiction. We affirm.

## BACKGROUND

Defendant William P. Tassic was employed by plaintiff Smith Hinchman from July 1974 until November 1987, when he was asked to resign. At the time of his resignation Mr. Tassic had risen in the corporation to a seat on the board of directors. After his appointment, however, Mr. Tassic's relationships with his fellow members became increasingly strained. The primary subject of disagreement between Mr. Tassic and the rest of the board was the proper method of valuing the closely held corporation's stock. This stock was primarily held by Smith, Hinchman employees and officers, through their participation in the Employee Stock Option Plan ("ESOP") which was covered by ERISA. Mr. Tassic felt that the valuation of the stock prior to repurchase favored members of the board over other participants in the stock option plan.

Mr. Tassic was vocal in his opposition to the method of valuation as well as the decision by the board to discontinue the plan rather than bring it into compliance with the Tax Reform Act of 1986 by arranging for an outside appraisal of the ESOP assets. Shortly after the meeting where the board voted to terminate the plan, the Chairman and CEO of Smith, Hinchman, Mr. Meathe, met with Mr. Tassic and informed him that due to a lack of "chemistry" between Tassic and the rest of the board his resignation was requested.

Following his forced resignation, Mr. Tassic filed a claim of wrongful termination in the Michigan Circuit Court in Wayne County. He claimed that the company had breached an implied contract of employment that allowed for his termi-nation only for "just cause." The Company defended in state court on the grounds that Tassic was an "at will" employee and therefore could be terminated for any reason. No preemption defense was raised by the Company in the pleadings or at trial.

After the jury returned a verdict in Tassic's favor and judgment was entered, the company filed a motion to dismiss for lack of subject matter jurisdiction. The grounds for the motion are identical to the arguments made by plaintiff here: that Mr. Tassic gave testimony at trial indicating that he was terminated in retaliation for his objections to the administration of the ERISA plan, thereby causing his wrongful termination action to be cognizable under and preempted by Section 510 of ERISA. This motion was denied after a hearing by the Michigan Circuit Court.

On June 19, 1991, plaintiff commenced this action in the Eastern District of Michigan seeking a declaratory judgment that the jury verdict was void for lack of jurisdiction.

### *Analysis*

First, the res judicata effect of state court judgments in federal court is governed by 28 U.S.C. § 1738 which requires the federal court to look to state court law of res judicata. "It is now well settled that a Federal Court must give to a State Court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City School Dist.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Therefore we look to Michigan law to decide the effect of the state proceeding.

Under Michigan Law, the doctrine of res judicata precludes collateral attack, if:

(1) The prior action was decided on its merits;

(2) The issues raised in the second case either were resolved in the first, or through the exercise of reasonable diligence might have been raised and resolved in the first case; and

(3) both actions involved the same parties or their privies.

See *Reithmiller v. Blue Cross & Blue Shield of Michigan*, 824 F.2d 510 (6th Cir. 1987).

These elements are met in this case:

(1) The jury returned a verdict in *Tassic v. The Smith Group*, No. 88–802278 CL in July. In September the judgment was entered along with the order denying the motion to dismiss for lack of subject matter jurisdiction.

(2) The issue of ERISA jurisdiction was raised in the motion to dismiss, and was fully argued before the state court by both parties.

(3) The parties in the Michigan case of *Tassic v. Smith* are identical to those currently before this court.

■ Second, these factors are applied only if the first court had jurisdiction over the parties and the subject matter of the litigation. Therefore, plaintiff insists that any decision made by a state court is void if it wrongfully holds that it has jurisdiction over a section 510 claim. This contention is in error. The *Restatement, Conflict of Laws* § 451(2) (Supp.1948), outlines the proper five-factor test.

Where a court has jurisdiction over the parties and determines that it has jurisdiction over the subject matter, the parties cannot collaterally attack the judgment on the ground that the court did not have jurisdiction over the subject matter, unless the policy underlying the doctrine of res judicata is outweighed by the policy against permitting the court to act beyond its jurisdiction. Among the factors appropriate to be considered in determining that collateral attack should be permitted are that

(a) the lack of jurisdiction over the subject matter was clear;

(b) the determination as to jurisdiction depended upon a question of law rather than of fact;

(c) the court was one of limited and not of general jurisdiction;

(d) the question of jurisdiction was not actually litigated;

(e) the policy against the court's acting beyond its jurisdiction is strong.

In *Durfee v. Duke*, 375 U.S. 106, 114 n. 12, 84 S.Ct. 242, 247 n. 12, 11 L.Ed.2d 186 (1963), the Supreme Court in *dicta* quotes this test with approval.

Applying the *Restatement* test to the instant case, we find that the lack of subject matter jurisdiction on the part of the state court is not clear. ERISA section 510, 29 U.S.C. § 1140 provides:

It shall be unlawful for any person to discharge, fine, suspend, expel discipline or discriminate against a participant or beneficiary *for exercising any right to which he is entitled under the provisions of an employee benefit plan.*

While it is clear that section 510 claims are within the exclusive jurisdiction of the federal district courts under 29 U.S.C. § 1132(e)(1), it is not clear that the right of a board member to engage in a heated policy dispute over the content of a company pension and welfare plan is covered by section 510. The company has provided no authority to support their contention that such a dispute among policy makers is a matter contemplated by the retaliation provision of the statute. Without such support, there is no reason to believe that termination for that reason clearly brings the claim under section 510.

Certainly, the exercise of jurisdiction by the Michigan court here does not rise to the level of overreaching that was present in *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940), where the Supreme Court first recognized this exception. The Wisconsin Court in *Kalb* foreclosed on property which was part of a res in bankruptcy and therefore within the jurisdiction of the bankruptcy courts. The plenary power of bankruptcy courts over res property had been clearly articulated by Congress. In contrast, ERISA jurisdiction is partly concurrent, partly exclusive and covers certain ancillary matters but not others. There was no blatant disregard of Congressional intent by the Michigan State Court; rather Judge Teranes appears to have made a plausible ruling on a complicated issue.

The second factor is whether the determination as to jurisdiction depended upon a question of law or fact. This case required a factual determination of the extent to which Mr. Tassic's claim of discrimination was linked to his attempt to exercise ERISA rights. In fact, the preemption issue hinges upon the extent to which trial testimony implicates such rights. Under these circumstances, the Michigan judge is well qualified to make the ruling.

The third factor does not support the application of the exception, because the Michigan court which heard the case was a court of general jurisdiction.

The question of jurisdiction was actually litigated by the Michigan Court, as discussed above. Plaintiff here filed a post trial motion seeking to divest that court of jurisdiction after the verdict was reached. That motion was argued by both parties and was denied. Application of the fourth factor indicates that we should not allow collateral attack.

Finally, we must examine the policy underlying ERISA and determine the strength of the policy against allowing a state court to exercise jurisdiction over a matter which may properly fall under exclusive federal jurisdiction. There is very little expression in the legislative history of the policy behind the exclusive jurisdiction provision of 29 U.S.C. § 1132. Plaintiff has not described for us any legislative statement or reason pertaining to this matter that would lead to the conclusion that the state court has overreached on the question of jurisdiction.

We can find no reason to deny full faith and credit to the decision of the Michigan court. Accordingly, the dismissal by the district court is affirmed. In light of our ruling that the prior state judgment bars relitigation of the case, the other substantive issues raised by plaintiff on appeal are pretermitted.