25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph A. HUGHES, Jr., Plaintiff-Appellant,
v.
DEERPATH APARTMENTS; Medallion Management, Defendants-Appellees.
 No. 93-2507.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals a district court judgment dismissing his housing discrimination suit filed under the Fair Housing Act, 42 U.S.C. Sec. 3604, and 42 U.S.C. Sec. 1983. He moves for the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Joseph A. Hughes, Jr., claimed that defendants denied him due process during eviction proceedings and discriminated against him on the basis of handicap. Hughes alleged that he is mentally disabled.
 
 
 3
 Defendants filed a motion for summary judgment in which they asserted that the suit was barred under the doctrine of res judicata. Defendants appended to their motion copies of the state court records of the eviction proceedings, including Hughes's counterclaims. The district court granted defendants' motion for summary judgment and dismissed the complaint.
 
 
 4
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 Material facts are not in dispute. Hughes, a tenant at defendants' federally subsidized apartments, was served with a termination notice alleging that he harassed and threatened other tenants. Hughes filed counterclaims challenging the notice and termination procedures. He alleged that he was treated differently from the other tenants and that there was insufficient evidence to support the claims of harassment or threatening behavior. The district court for the 54-B Judicial District of Michigan ruled in favor of the landlord; Hughes's motion for a new trial was denied. Hughes's appeal to the Ingham (Michigan) Circuit Court was dismissed for failure to prosecute. The Michigan Court of Appeals denied leave to appeal.
 
 
 6
 Summary judgment was proper because defendants are entitled to judgment as a matter of law. It is well established that the federal courts must give a state court judgment the same preclusive effect as would be accorded under the laws of the state in which the judgment was entered. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984); Smith, Hinchman & Grylls Assocs. v. Tassic, 990 F.2d 256, 257 (6th Cir.1993). Under Michigan law, the doctrine of res judicata precludes collateral attack, if: 1) the prior action was decided on the merits; 2) the issues raised in the second case either were resolved in the first, or through the exercise of reasonable diligence might have been raised and resolved in the first case; and 3) both actions involved the same parties or their privies. See id. at 257-58; Fellowship of Christ Church v. Thorburn, 758 F.2d 1140, 1144-45 (6th Cir.1985) (per curiam). Although Hughes did not present a claim of housing discrimination for a ruling by the state court, his claim could have been presented and resolved, and it is thus barred. Moreover, review of the record shows that Hughes's allegations that he was treated differently were presented in his counterclaims in defense of the termination of tenancy action.
 
 
 7
 Even when Hughes's claim of discrimination is reviewed on the merits, summary judgment was proper. Hughes has not shown that he could meet his burdens first outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Selden Apartments v. United States Dep't of Housing & Urban Dev., 785 F.2d 152, 159 (6th Cir.1986). Hughes was first required to make a prima facie showing of discrimination; if met, the defendants would have to articulate a legitimate nondiscriminatory basis for their decision to terminate Hughes's tenancy, and Hughes then would have to establish that the articulated reason is pretextual. The allegations of discrimination based on Hughes's mental disability are conclusory and do not present sufficient evidence to create a genuine issue of fact that the basis for the termination of tenancy, harassment of other tenants, was pretextual. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir.1989). Summary judgment is proper when the nonmoving party has failed to make a sufficient showing of an essential element of his case on which he has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 8
 Accordingly, the motion for appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.