39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HUNDLEY, Jr., Plaintiff-Appellant,
v.
CITY OF KALAMAZOO; Kirk Spence; Curtis Berglin,
Lieutenant; Charles Porn, Police Officers at
Kalamazoo Department of Public Safety,
Defendants-Appellees.
 No. 94-1488.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and WEIS, Senior Circuit Judge.*
 
 ORDER
 
 1
 This pro se Michigan state prisoner appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking $75,000 as the fair market value of his 1968 Mercedes Benz automobile, James Hundley sued the City of Kalamazoo, Michigan, and three Kalamazoo police officers. Hundley claimed that the forfeiture of his automobile was illegal and violated his Fourth and Fourteenth Amendment rights.
 
 
 3
 Upon consideration of the defendants' motion for summary judgment and Hundley's response and cross-motion, the district court dismissed the complaint. In his timely appeal, Hundley reasserts that his automobile was forfeited without due process of law.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants. This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The court reviews the denial of summary judgment for an abuse of discretion. Southward v. South Central Ready Mix Supply Corp., 7 F.3d 487, 492 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 323. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 The defendants met their burden of showing an absence of evidence to support Hundley's claims. Hundley claimed that the state of Michigan instituted a forfeiture action against his car without giving him adequate notice. Hundley's claim is a collateral attack on a valid state court judgment entered by a court of competent jurisdiction. Thus, his claim suffers from the same preclusive effect as would be given the state court judgment under the law of the state of Michigan. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984); Allen v. McCurry, 449 U.S. 90, 105 (1980). Under Michigan law, the doctrine of res judicata precludes collateral attack, if: 1) the prior action was decided on its merits; 2) the issues raised in the second case either were resolved in the first, or through the exercise of due diligence might have been raised and resolved in the first case; and 3) both actions involve the same parties or their privies. See Smith, Hinchman & Grylls, Assocs., Inc. v. Tassic, 990 F.2d 256, 257-58 (6th Cir.1993). Hundley's claim would be precluded under the state law of Michigan because the defendants offered documentary evidence of a certified default judgment of forfeiture against the car in which Hundley asserts an interest. In other words, the issues raised in the second case might have been raised and resolved in the first case had Hundley exercised due diligence, and both actions involve the same parties.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation