76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Betty GOOCH, Plaintiff-Appellant,
v.
Kenneth McGINNIS, Director, Michigan Department of
Corrections; Marjorie Van Ochten, Hearing
Administrator, MDOC; Thomas Craig,
Hearing Officer, MDOC,
Defendants-Appellees.
 No. 95-1661.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1996.
 
 1
 Before: CONTIE, NELSON and BATCHELDER, Circuit Judges
 
 ORDER
 
 2
 Betty Gooch, a pro se Michigan resident, appeals a district court judgment dismissing her civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief. Gooch sued multiple Michigan prison authorities contending that she was improperly denied her right to visit her imprisoned fiance. Gooch alleged that she went to visit her fiance on October 6, 1993. The visitation was terminated by prison authorities due to an act of sexual misconduct. As a result of the misconduct, Gooch was restricted from visiting any prison facility pending a hearing. A hearing was conducted by prison officials on October 28, 1993. Following the hearing, Gooch was permanently restricted from visiting any Michigan prison facility. Gooch administratively appealed the decision. Her appeal was denied on February 16, 1994.
 
 
 4
 On January 27, 1994, Gooch challenged the prison's decision in the Wayne County (Michigan) Circuit Court. In her complaint, Gooch demanded that her alleged state-created right to visit her fiance be reinstated. Following two hearings, the state court dismissed Gooch's complaint on June 7, 1994.
 
 
 5
 Gooch then filed her federal civil rights complaint again contending that she was being denied her visitation rights. The parties filed cross-motions for summary judgment. The district court dismissed the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Gooch then filed a timely motion for reconsideration under Fed.R.Civ.P. 59 which the district court subsequently denied.
 
 
 6
 In her timely appeal, Gooch essentially argues that the Michigan Department of Corrections (MDOC) had no jurisdiction to prevent her from visiting the prison and that the prison hearing violated her due process rights.
 
 
 7
 The district court dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6) concluding that Gooch had failed to state a claim upon which relief could be granted. Because evidence outside the pleadings was not excluded from the district court's consideration, the cross-motions to dismiss must be treated as motions for summary judgment. See Monks v. Marlinga, 923 F.2d 423, 425 (6th Cir.1991) (per curiam). This court reviews a grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although there is no genuine issue of material fact, the defendants are entitled to judgment as a matter of law for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 8
 Gooch's claims are barred under the doctrine of claim preclusion. Claims that are presented in a civil rights complaint that were already presented and decided in a state court proceeding suffer from the same preclusive effect as would be given the state court judgment under the law of the state in which the judgment was entered. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 80-85 (1984). Under Michigan law, the doctrine of res judicata precludes collateral attack, if: 1) the prior action was decided on its merits; 2) the issues raised in the second case either were resolved in the first, or through the exercise of reasonable diligence might have been raised and resolved in the first case; and 3) both actions involved the same parties or their privies. Smith, Hinchman and Grylls, Assocs. v. Tassic, 990 F.2d 256, 257-58 (6th Cir.1993).
 
 
 9
 Gooch admits that she previously challenged her visitation restriction in the state courts of Michigan. As a state court has had the opportunity to address the merits of Gooch's dispute, Gooch's claims are barred by the doctrine of claim preclusion. Id.
 
 
 10
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.