**Billie T. MCFADDEN, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY; State of Michigan; Monroe County; Lenawee County, Defendants–Appellees.**

No. 00–1255.

United States Court of Appeals, Sixth Circuit.

Feb. 23, 2001.

as high as $690,000.

Before WELLFORD, RYAN, and SUHRHEINRICH, Circuit Judges.

This is an appeal from a judgment dismissing a complaint in which the plaintiff seeks to increase his Social Security benefits and negate a facially valid state court divorce decree. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Michigan resident Billie McFadden filed a complaint against the Commissioner of Social Security, the State of Michigan, and two Michigan counties, Monroe County and Lenawee County, for monetary damages and other relief based on an alleged series of due process violations. The parties responded and the district court eventually ordered that the complaint should be dismissed for failure to state a claim against any party.

This court reviews de novo the dismissal of a claim pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. *See, e.g., Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). A de novo examination of the record and law supports the judgment on appeal.

McFadden and his former wife obtained a decree of divorce from Lenawee County, Michigan, in 1994. As a result, McFadden's Social Security benefits were ultimately reduced and he has since been engaged in a crusade to have the benefits restored. The appeal before the court is taken from McFadden's latest failed attempt in this crusade.

The district court and the parties agree on the substance of the complaint, although it is not readily apparent that a copy of the complaint has been included in the record or the joint appendix. First, McFadden sought to "re-file" his claim against the Commissioner of Social Security to have his benefits restored. McFadden also noted that Lenawee County denied him "due process" and that Monroe County had "no jurisdiction" over McFadden's affairs. Finally, McFadden asked for compensatory and punitive damages in excess of four million dollars from all defendants, including the State of Michigan, pursuant to 42 U.S.C. § 1983 for federal civil rights violations. The defendants responded with motions to dismiss and the district court granted these motions. The court concluded that the State of Michigan was not amenable to suit under § 1983 and that the claims against the remaining defendants were subject to dismissal on preclusion grounds. McFadden's appellate brief takes issue with the entirety of the district court's decision.

■■■ The district court's judgment is completely supported in law. The Eleventh Amendment bars a suit brought against a state in federal court unless the state has waived its sovereign immunity or unequivocally consents to be sued. *See Pennhurst State Sch. & Hosp. v. Halder-*

**390**

*man,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The state of Michigan has not consented to civil rights suits in the federal courts, *see Abick v. Michigan,* 803 F.2d 874, 877 (6th Cir.1986), so McFadden's claims against the state for damages are barred by the Eleventh Amendment. *See Pennhurst,* 465 U.S. at 100–01; *Abick,* 803 F.2d at 877. In addition, federal courts must give the same preclusive effect to state court judgments as those judgments would receive in the courts of the rendering state. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Under Michigan's doctrine of res judicata, a subsequent legal action is barred if: 1) the prior action was decided on the merits; 2) the matter contested in the second case was or could have been resolved in the first; and 3) both actions involve the same parties or their privies. *See Smith, Hinchman and Grylls, Assocs., Inc. v. Tassic,* 990 F.2d 256, 257–58 (6th Cir.1993). McFadden does not dispute the district court's observation that he is attempting to raise claims against the remaining defendants that were the subject of prior unsuccessful suits against the same defendants.

The plaintiff was ordered to show cause why this appeal should not be deemed frivolous and therefore subject to an award of damages and double costs. Plaintiff has filed his response, and has failed to show cause why such sanctions should not be imposed.

Accordingly, the district court's judgment is affirmed and the plaintiff is ordered to pay double costs as calculated by the Clerk of this Court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.