**Robert M. ROWE, Plaintiff–Appellant,**

v.

**BANK ONE, also known as NBD Bank, N.A., Defendant–Appellee.**

No. 02–1265.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2002.

Before GUY and BATCHELDER, Circuit Judges; QUIST, District Judge.*

### ORDER

Robert M. Rowe, a Michigan resident proceeding pro se, appeals a district court order dismissing his civil complaint presumably filed under federal question juris-

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

diction, 28 U.S.C. § 1331. Rowe has filed a motion for grand jury investigation. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Rowe's complaint consists of photocopied definitions from legal dictionaries, handwritten notes, orders previously rendered against Rowe, and pleadings filed in prior actions involving Rowe. Defendant Bank One moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the motion to dismiss. This timely appeal followed.

This court reviews *de novo* a district court's dismissal of a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) after taking all well-pleaded factual allegations as true. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir.1998). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Jackson*, 194 F.3d at 745; *Lewis*, 135 F.3d at 405.

Upon review, we conclude that the district court properly dismissed Rowe's complaint because the complaint does not allege facts sufficient to make out any cognizable cause of action. Much of the complaint is devoted to Rowe's disagreements with the prior orders of the district court and other courts. However, the instant lawsuit is not permissible method to express disagreements with prior orders.

In addition, federal courts must give the same preclusive effect to state court judg-

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

ments as those judgments would receive in the courts of the rendering state. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). Under Michigan's doctrine of res judicata, a subsequent legal action is barred if: 1) the prior action was decided on the merits; 2) the matter contested in the second case was or could have been resolved in the first; and 3) both actions involve the same parties or their privies. *See Smith, Hinchman and Grylls, Assoc., Inc. v. Tassic*, 990 F.2d 256, 257–58 (6th Cir.1993). Rowe is attempting to raise claims against the defendants that were the subject of prior unsuccessful suits against the same defendants. His current lawsuit is barred by the doctrine of res judicata.

Accordingly, the motion for grand jury investigation is denied, and the district court's order of dismissal is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.